**Continuing Abatement Order filed February 5, 2013.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-12-00769-CR
_____

**CURTIS JAMES PRITCHARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Cause No. 1804094**

---

## CONTINUING ABATEMENT ORDER

This is an appeal from a conviction for assault on a family member after a jury trial. On July 17, 2012, appellant was sentenced to one year in the Harris County Jail. Appellant filed a timely notice of appeal, and the trial court appointed counsel to represent appellant on appeal. The reporter's record in this case was due **September 17, 2012**, 2012. *See* Tex. R. App. P. 35.1. The record was not filed,

and no request for an extension of time to file the record was filed. On September 20, 2012, this court ordered the official court reporter, **Sondra Humphrey,** to file the record within 30 days. When the court reporter failed to file the record as ordered, this court again ordered the court reporter to file the record within 30 days, and instructed the court reporter that if the record was not filed, the court would order the trial court to conduct a hearing to determine the reason for failure to file the record. When the record was not filed, on December 13, 2012, this court abated the appeal and ordered the trial court to determine why the record had not been filed. *See* Tex. R. App. P. 35.3(c) (stating that the trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed).

That day, Sondra Humphrey filed a letter in this court apologizing for the delay and asserting that she would file the record as soon as possible, or by December 19, 2012. The court advised Ms. Humphrey that if the record were filed promptly, the court would not require a hearing. The record has not been filed. Accordingly we issue the following order.

We direct the judge of the **County Criminal Court at Law No. 8** to conduct a hearing at which the court reporter, appellant's counsel, and counsel for the State shall participate (a) to determine the reason for failure to file the record; (b) to establish a date certain when the reporter's record will be filed, and (c) to make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the court to have a record prepared, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court on or before **February 19, 2013**.

The appeal remains abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. If the court reporter files the record prior to the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.

PER CURIAM